## STANAGE v STATE OF FLORIDA

### Case No. 89-373-AP (County Court Case No. 89-03257-T-01)

Fifth Judicial Circuit, Citrus County

March 14, 1990

### APPEARANCES OF COUNSEL

**Kenneth L. Travis, Esquire,** Stepp, Travis & Nelson, P.A., for appellant.

**Robert A. Butterworth,** Attorney General and Office of the State Attorney, for appellee.

Before PETERSON, McNEAL, SAWAYA, JJ.

### OPINION OF THE COURT

E. PETERSON, Circuit Judge.

The Defendant, Clyde Edward Stanage, appeals his conviction and sentence for violation of § 316.1936, Florida Statutes, for being a passenger in a motor vehicle in which there was discovered open containers of alcoholic beverages. The conviction resulted in a suspension of the defendant's driver's license for an indefinite period with an instruction from the trial court not to reapply for a license for a period of one year. The state failed to file an answer brief.

The defendant asserts two errors. The first challenges the authority of the trial court to suspend a *passenger's* driver's license for a violation of section 316.1936, and the second challenges the due process afforded the defendant because of the manner in which the trial was conducted.

The penalties provided for a violation of Chapter 316, Florida Statutes, is found in section 316.655. The only portion of section 316.655 authorizing revocation of drivers' licenses is in subsection (5) which is applicable to "drivers convicted of a violation of this chapter." (The chapter referred to is 316.) No similar provision can be found that authorizes suspension of a passenger's driver's license, and the court erred in suspending the defendant's license.

We have reviewed the record of the hearing that resulted in the conviction and sentencing of the defendant and agree that the test of due process was not met.

The finding of guilt and the sentence are vacated, and the matter is remanded for a new trial.

McNEAL and SAWAYA, JJ., concur.